UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BARBER, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OCEAN BLUE FINANCIAL, INC. a California Corporation, and THE PERRY LAW FIRM, A PROFESSIONAL LAW CORPORATION, a California Professional Corporation,<br><br>　　　　Defendants. | CASE NO. 14-cv-2135 H (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 6]<br><br>**(2) GRANTING PLAINTIFF 30 DAYS LEAVE TO AMEND**<br><br>**(3) DENYING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>[Doc. No. 7] |

On September 9, 2014, George Barber ("Plaintiff") filed a complaint against Ocean Blue Financial, Inc. ("Ocean Blue") and The Perry Law Firm, a Professional Law Corporation ("The Perry Law Firm") (collectively "Defendants"). (Doc. No.1.) On September 30, 2014, Plaintiff filed a first amended complaint. (Doc. No. 3.) On October 24, 2014, Defendants filed a motion to dismiss the first amended complaint for failure to state a claim. (Doc. No. 6.) On November 14, 2014, Defendants filed a motion for sanctions. (Doc. No. 7.) On December 26, 2014, Plaintiff filed oppositions to the motions. (Doc. Nos. 9 and 10.) On January 5, 2015, Defendants filed replies.

1  (Doc. Nos. 14 and 15.) On January 6, 2015, the Court submitted the motions on the
2  papers pursuant to Civil Local Rule 7.1(d)(1).  (Doc. No. 16.) For the following
3  reasons, the Court grants the motion to dismiss, grants Plaintiff 30 days leave to amend,
4  and denies the motion for sanctions.

## Background

6  In February 2006, Plaintiff allegedly defaulted on an account with Chase Bank
7  USA, NA.  (Doc. No. 3 ¶ 19.)  Subsequently, Defendant Ocean Blue came into
8  ownership of the debt. (Id. ¶ 15, 30.)  Defendants sued Plaintiff for breach of contract
9  in state court on or about January 7, 2014.  (Id. ¶ 70.)

10  On September 30, 2014, Plaintiff filed a first amended complaint against
11  Defendants in this Court alleging "violations" of the federal Fair Debt Collection
12  Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal Fair
13  Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"), Cal. Civ. Code §§
14  1788, et seq. (Doc. No. 3.) Plaintiff alleges that, among other alleged deficiencies in
15  the state court complaint, Defendants brought the state court action after the statute of
16  limitations on Plaintiff's debt had run, and that the state court action and related
17  discovery request therefore constituted improper debt collection in violation of the
18  FDCPA and Rosenthal Act. (Id. at ¶¶ 70-82.)  Plaintiff also describes other alleged
19  violations of the California and federal debt collection laws based on purportedly
20  unlawful communications by Defendants and their alleged failure to validate the debt
21  upon Plaintiff's timely request. (Id. at ¶¶ 32-69.)

22  In their motion to dismiss, Defendants assert that the California litigation
23  privilege bars the claims concerning the state court complaint and related discovery
24  request and also disputes that the applicable statute of limitations had run when it
25  commenced the state court action. (Doc. No. 6.) Defendants also argue that Plaintiff's
26  other claims are baseless and attach documents to support their contentions. (Doc. No.
27  6 and exhibits.) For the following reasons, the Court grants the motion to dismiss. The
28

1  Court grants Plaintiff 30 days leave to amend.

2  Defendants also move for sanctions under Federal Rule of Civil Procedure 11,
3  asserting that Plaintiff's complaint was filed to harass Defendants and gain leverage
4  in the state court dispute. (Doc. No. 7.) The Court denies the motion for sanctions.

## Discussion

### I.  Legal Standards

### A.  Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court may dismiss a complaint as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." SmileCare Dental Grp. v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The reviewing court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is also improper for the court to assume "the [plaintiff] can prove facts that it has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief." Iqbal, 556 U.S. at 679. In deciding a motion to dismiss, the court draws all reasonable inferences in favor of the nonmoving party. Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles, 648 F.3d 986, 991 (9th Cir. 2011). If a complaint fails to state a claim, the court should grant leave to amend unless it appears beyond a doubt the plaintiff would not be entitled to relief under any set of facts proved. Halet v. Wend Inv. Co., 672 F.2d 1305, 1309 (9th Cir. 1982).

The scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, under the "incorporation by reference" doctrine, a Court may take judicial notice if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

**B.  Legal Standards for a Motion for Sanctions**

Rule 11 provides:

> (b) By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A court may impose Rule 11 sanctions when "a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney would believe was well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir.1987) (internal citations omitted). "Where a complaint is in question, the 'improper purpose' analysis is not necessary because a non-frivolous complaint cannot be said to be filed for an improper purpose." Id. When Rule 11 sanctions are sought on the basis of a complaint, the district court considers "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). The decision to impose sanctions is within the sound discretion of the district court. See id. at 1126-27. "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 437 (9th Cir. 1996) (quoting Operating Eng'rs Pension Trust v. A–C Co., 859 F.2d 1336, 1345 (9th Cir.1988)).

## II. Motion to Dismiss

### A. Plaintiff's Claims Regarding the State Court Complaint and Discovery Request Are Barred by the California Litigation Privilege

Plaintiff alleges "violations" stemming from Defendants' breach of contract claim in state court and related discovery request. (Doc. No. 3 ¶¶ 70-82.) Defendants argue that the contents of the civil complaint and related discovery request are protected by the California litigation privilege. (Doc. No. 6-1 at 13-14; Doc. No. 14 at 10-12.)

California Civil Code Section 47(b) creates a litigation privilege for publications or broadcasts made in any judicial proceeding. Cal. Civ. Code § 47(b). The privilege is absolute and is "applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." See Silberg v. Anderson, 50

Cal. 3d 205, 215 (1990) (citations omitted). The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg, 50 Cal. 3d at 212; see also Makaeff v. Trump Univ., LLC, 715 F.3d 254, 264 (9th Cir. 2013).

Plaintiff's claims regarding the lawsuit are largely premised on the allegation that Defendants filed a lawsuit against Plaintiff outside of the applicable statute of limitations. Defendants' alleged conduct pertaining to the state court complaint and related discovery request fall within the litigation privilege. Taylor v. Quall, 458 F. Supp. 2d 1065, 1067-69 (C.D. Cal. 2006) (dismissing RFDCPA claim based on time-barred debt suit because of litigation privilege); see also Nickoloff v. Wolpoff & Abramson, L.L.P., 511 F. Supp. 2d 1043, 1045 (C.D. Cal. 2007) (holding litigation privilege applies to RFDCPA claims); Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1161-1165 (N.D. Cal. 2007) (same); Cassady v. Union Adjustment Co., No. C07-5405, 2008 WL 4773976, at *6-7 (N.D. Cal. Oct. 27, 2008) (same).

Plaintiff contends that because he alleges numerous violations of the Rosenthal Act and FDCPA, the Court should follow the analysis of Oei v. N. Star Capital Acquisitions, L.L.C., 486 F. Supp. 2d 1089 (C.D. Cal. 2006). But that case is distinguishable from the present circumstances. In Oei, "after commencing a state-court collection action, defendants called the Oeis incessantly on the telephone, verbally harassing them and falsely accusing them of owing North Star an outstanding debt." Oei, 486 F. Supp. 2d at 1100. Consequently, the district court found the Section 47 litigation privilege could not be used by debt collectors to shield their subsequent wrongful conduct. Id. at 1100-01. Plaintiff's allegations are much less extreme. (See Doc. No. 3.) Accordingly, the Court declines to follow the reasoning of Oei.[1]

---

[1] The Court also notes that Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal. App. 4th 324 (2009), is distinguishable from the facts of this case. in Komarova, the defendant debt collector's conduct consisted primarily of making threatening phone

On this record, the Court concludes that the litigation privilege applies and that Plaintiff has failed to state a claim against Defendants based on the state court complaint and discovery request. As a result, the Court dismisses these claims. The Court grants Plaintiff 30 days from the date of this order to file an amended complaint and cure the noted deficiencies, if he is so able. If Plaintiff wishes to pursue these claims, he must allege why the litigation privilege does not bar these claims.

**B.    The Remaining Allegations Fail to State a Claim Upon Which Relief Can Be Granted**

Plaintiff's remaining claims are deficient and do not provide Defendants notice of his legal causes of action. See Twombly, 550 U.S. at 555. Plaintiff does not plead specific causes of action. Instead, Plaintiff identifies alleged "violations" of law. (See Doc. No. 3 at 7-15.) A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As such, Plaintiff must allege specific causes of action that include the elements of the claim and facts to support the claim. Plaintiff's first amended complaint does not do so.[2]

The Court grants Plaintiff 30 days from the date of this order to file an amended complaint and cure the noted deficiencies, if he is so able. In his amended pleading,

---

calls to the plaintiff, both before and after the debt collector filed an arbitration claim. Komarova, 175 Cal. App. 4th at 331-336. The California court held that the defendant debt collector could not tie the threatening phone calls to the filing of an arbitration claim and thereby evade the Rosenthal Act's prohibitions against calling without disclosing an identity, frequent calling amounting to harassment, and communications with an employer. Id. at 338-40 ("We must nonetheless be mindful of the ease with which the Act could be circumvented if the litigation privilege applied. In that event, unfair debt collection practices could be immunized merely by filing suit on the debt."). On the facts of this case, applying the litigation privilege to bar the claims related to the state court complaint and discovery request would not circumvent the relevant debt collection laws.

[2] Plaintiff also includes a section entitled "claim for relief" which states that "the foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, in particular, but not limited to [six subsections of the FDCPA]." (Doc. No. 3 at ¶ 84.) Plaintiff makes a similar contention as to the Rosenthal Act. (Id. at ¶ 87.) These allegations are not sufficient to put Defendants on notice of the causes of action. If Plaintiff files an amended complaint, he should distinguish between his causes of action and any request for relief.

Plaintiff should separately identify each cause of action provided by law, the elements of that claim, and the factual support for that claim. To provide adequate notice of these claims, Plaintiff should attach the contract between the parties, including the choice of law provision, to determine the applicable statute of limitations. Plaintiff should also include the allegedly unlawful communications, if he is able.[3]

### III. Motion for Sanctions

Defendants also move for sanctions under Federal Rule of Civil Procedure 11. (Doc. No. 7.) Defendants contend that Plaintiff filed this federal court action to gain leverage in the state court breach of contract action. (See Doc. No. 7-1 at 1.) Rule 11 sets a high bar to impose sanctions. See, e.g., Keegan, 78 F.3d at 437 ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."). On the record before the Court, there is no basis to conclude that Plaintiff filed his claim with an improper purpose. Exercising its discretion, the Court denies the motion for sanctions.

### Conclusion

Based on the foregoing, the Court grants Defendants' motion to dismiss. The Court dismisses the complaint without prejudice. The Court grants Plaintiff 30 days from the date of this order to file an amended complaint and cure the noted deficiencies, if he is so able. The Court denies Defendants' motion for sanctions.

**IT IS SO ORDERED.**

DATED: January 8, 2015

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3] In light of the foregoing, the Court declines to consider whether the documents Defendants attach to their motions are properly subject to judicial notice pursuant to the incorporation by reference doctrine. See Dao v. Univ. of Cal., No. 04-2257, 2004 U.S. Dist. LEXIS 16828, at *10-11 (N.D. Cal. Aug. 13, 2004) (taking judicial notice of a letter written by the plaintiff to the Chancellor of the University of California at Berkeley pursuant to the incorporation by reference doctrine).